1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEREMY R. BAKER,

11              Plaintiff,                    No. 2:  12-cv-2625 JFM

12        vs.

13   DR. JOHN BAKER, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff filed his complaint on October 23, 2012, and paid the filing fee.

18              The court is required to screen complaints brought by prisoners seeking relief

19   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

21   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

22   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

23   U.S.C. § 1915A(b)(1),(2).

24              A claim is legally frivolous when it lacks an arguable basis either in law or in

25   fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-

26   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.

2  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

3  inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d

4  639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

5        A complaint, or portion thereof, should only be dismissed for failure to state a

6  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

7  of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>

8  <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>

9  <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

10  complaint under this standard, the court must accept as true the allegations of the complaint in

11  question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the

12  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

13  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

14        Plaintiff's complaint fails to state a claim against defendants Joanne Hendricks

15  and George Malim for the following reasons.  With respect to defendant Hendricks, the

16  complaint alleges as follows: "I have attached a disciplinary report that I received while trying to

17  resolve Grievance "Exhibit A" that I became upset about because Ms. Joanne Hendricks was

18  giving me the same answer as she did on an earlier grievance."  (<u>See</u> Dkt. No. 1 at p. 4.)  The

19  complaint mentions Malim on two occasions; first, "'Exhibit E', is the follow up of 'Exhibit A,

20  C & D' from Captain Malim.  He plainly states that the medication I shall receive is completely

21  up to Dr. Baker;" and second "I have attached an inmate request form labeled Exhibit F" to I.A.

22  ad Capt. Malim that was answered by Sgt. Neilsen giving me specific instructions to fill out a

23  'Blue Slip' to get my medication."  (<u>See</u> <u>id.</u>)

24        These allegations do not state a claim against these two defendants.  First,

25  prisoners have no stand-alone due process rights related to the administrative grievance process.

26  <u>See</u> <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1998); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d

850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific

grievance process).  Moreover, supervisory personnel are generally not liable under section §

1983 for the actions of their employees under a theory of *respondeat superior* and, therefore,

when a named defendant holds a supervisor position, the causal link between him and the

claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d

858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation);

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

concerning involvement of official personnel in civil rights actions are not sufficient.  See Ivey

v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific allegations of

personal participation is insufficient).

Plaintiff's complaint states a cognizable claim for relief pursuant to 42 U.S.C.

§ 1983 and 28 U.S.C. § 1915A(b) against defendant Dr. John Baker.  If the allegations of the

complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of the

action.  The Clerk of the Court will be directed to issue the appropriate number of summonses to

plaintiff for purposes of service of process.  See Federal Rule of Civil Procedure 4.

Plaintiff shall complete service of process in accordance with Federal Rule of

Civil Procedure 4 within sixty days from the date of this order.[1]  Plaintiff shall serve a copy of

this order on each defendant together with a summons and a copy of the complaint.  Within 120

days from the date of this order, plaintiff and defendants shall each submit to the court and serve

by mail on all other parties the following status report:

1.  Whether this matter is ready for trial and, if not, why not;

2.  Whether additional discovery is deemed necessary.  If further discovery is

deemed necessary, the party desiring it shall state the nature and scope of the discovery and

provide an estimate of the time needed in which to complete it;

---

[1]  Plaintiff is cautioned that this action may be dismissed if service of process is not
accomplished within 120 days from the date the complaint was filed.  See Fed. R. Civ. P. 4(m).

3.  Whether a pretrial motion is contemplated.  If any such motion is contemplated, the party intending to file it shall describe the type of motion and shall state the time needed to file the motion and to complete the time schedule set forth in Local Rule 230(l);

4.  A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

5.  A list of all exhibits to be offered into evidence at the trial of the case;

6.  A list of the names and addresses of all witnesses the party intends to call;

7.  A summary of the anticipated testimony of any witnesses who are presently incarcerated;

8.  The time estimated for trial;

9.  Whether either party still requests trial by jury; and

10.  Any other matter, not covered above, which the party desires to call to the attention of the court.

In addition, plaintiff shall inform the court in his status report of the date and manner of service of process.

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Any party choosing to consent may complete the form and return it to the clerk of this court.  Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to issue and send plaintiff 1 summons, for defendant Dr. John Baker.  The Clerk shall also send plaintiff 1 copy of the form Consent to Proceed Before United States Magistrate Judge with this order.

2.  Plaintiff shall complete service of process on the defendant within sixty days

from the date of this order.  Plaintiff shall serve a copy of this order and a copy of the form

Consent to Proceed Before United States Magistrate Judge on each defendant at the time the

summons and complaint are served.

3.  Defendant shall reply to the complaint within the time provided in Fed. R. Civ.

P. 12(a).

4.  Plaintiff's status report shall be filed within ninety days from the date of this

order.  Defendants' status report shall be filed within thirty days thereafter.  The parties are

advised that failure to file a status report in accordance with this order may result in the

imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

5.  Unless otherwise ordered, all motions to dismiss, motions for summary

judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41,

55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l).  Failure to

timely oppose such a motion may be deemed a waiver of opposition to the motion.  See L.R.

230(l).  Opposition to all other motions need be filed only as directed by the court.

6.  If plaintiff is released from prison while this case is pending, any party may

request application of other provisions of L.R. 230 in lieu of L.R. 230(l).  Until such a motion is

granted, the provisions of L.R. 230(l) will govern all motions described in #5 above regardless of

plaintiff's custodial status.  See L.R. 102(d).

7.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the

court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for

failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a

request that the court dismiss without prejudice any unexhausted claims.  The moving party may

submit affidavits or declarations under penalty of perjury and admissible documents to support

the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under

penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made

under penalty of perjury in the complaint if the complaint shows that plaintiff has personal

1   knowledge of the matters stated and plaintiff specifies the parts of the complaint on which

2   plaintiff relies.  Plaintiff may also rely on one or more affidavits or declarations sworn to by

3   other persons who have personal knowledge of relevant matters.  In addition, plaintiff may rely

4   on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  If

5   plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on

6   defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court

7   may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a

8   written opposition to the motion, the court may consider the failure to act as a waiver of

9   opposition to the motion.  See L.R. 230(l).  If the court grants the motion to dismiss, whether

10  opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

11          8.  If defendant moves to dismiss for failure to exhaust administrative remedies,

12  defendant must contemporaneously serve with the motion, but in a separate document, a copy of

13  the attached Wyatt Notice.  See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Wyatt, 315

14  F.3d at 1115, 1120 n.14.  **Failure to do so may constitute grounds for denial of the motion.**

15          9.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and

16  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the

17  following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P.

18  56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.

19  A defendant's motion for summary judgment will set forth the facts that the defendant contends

20  are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a

21  motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do

22  this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made

23  under penalty of perjury in the complaint if the complaint shows that plaintiff has personal

24  knowledge of the matters stated and plaintiff specifies those parts of the complaint on which

25  plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth

26  the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or

1 | declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written
2 | records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may
3 | rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or
4 | admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence
5 | with counteraffidavits or other admissible evidence, the court may accept defendant's evidence
6 | as true and grant the motion.  If there is some good reason why such facts are not available to
7 | plaintiff when required to oppose a motion for summary judgment, the court will consider a
8 | request to postpone consideration of the defendant's motion.  <u>See</u> Fed. R. Civ. P. 56(d).  If
9 | plaintiff does not serve and file a written opposition to the motion, or a request to postpone
10 | consideration of the motion, the court may consider the failure to act as a waiver of opposition to
11 | the defendant's motion.  <u>See</u> L.R. 230(l).  If the court grants the motion for summary judgment,
12 | whether opposed or unopposed, judgment will be entered for the defendant without a trial and
13 | the case will be closed as to that defendant.

14 |       10.  If defendant moves for summary judgment, defendant must
15 | contemporaneously serve with the motion, but in a separate document, a copy of the attached
16 | <u>Rand</u> Notice.  <u>See</u> <u>Woods</u>, 684 F.3d at 935; <u>Rand</u>, 154 F.3d at 957.  **Failure to do so may**
17 | **constitute grounds for denial of the motion.**

18 |       11.  Unsigned affidavits or declarations will be stricken, and affidavits or
19 | declarations not signed under penalty of perjury have no evidentiary value.

20 |       12.  Each party proceeding without counsel shall keep the court informed of a
21 | current address at all times while the action is pending.  Any change of address must be reported
22 | promptly to the court in a separate document captioned for this case and entitled "Notice of
23 | Change of Address."  A notice of change of address must be properly served on other parties.
24 | Service of documents at the address of record for a party is fully effective.  <u>See</u> L.R. 182(f).  A
25 | party's failure to inform the court of a change of address may result in the imposition of
26 | sanctions including dismissal of the action.

13.  The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

14.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b).

DATED: January 7, 2013.

UNITED STATES MAGISTRATE JUDGE

14
bake2625.8fee

**Wyatt Notice to Plaintiff**

  This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).  The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

  When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies.  A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012).  The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

  To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

  If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will be over.  If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.